IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Marquis Hairston, | : | |
| Petitioner | : | Civil Action 2:09-cv-00978 |
| v. | : | Judge Marbley |
| Phillip Kerns, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

# ORDER

Petitioner Marquis Hairston, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. This matter is before the Court on Magistrate Judge Abel's March 1, 2011 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied.

On April 13, 2011, petitioner Hairston filed objections to the Report and Recommendation. Petitioner argues that his aggregate sentence of 134 years in prison for his convictions arising out of three armed home invasions amounts to cruel and unusual punishment. He maintains that the Supreme Court of Ohio unreasonably applied the Eighth Amendment to find that the sentence, which is effectively one of life without parole, was not cruel and unusual punishment.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation. This Court's review of petitioner's constitutional

claim is limited by 28 U.S.C. §2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States

Here petitioner points to no "clearly established Federal law, as determined by the Supreme Court of the United States" that would compel the Supreme Court of Ohio to find that his sentence violates the Eighth Amendment. The Supreme Court has consistently held that for nonmurder cases punishable by significant prison terms "the length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummel v. Estelle,* 445 U.S. 263, 274 (1980). Hairston, 24 years old at the time of these offenses, had already served two prison terms, including a conviction for a crime of violence. He had been out of prison just 7 days before the first home invasion. These were aggravated offenses. The home invasions were prolonged. A gun was brandished. The victims were threatened with death. They were bound and gagged. Their homes were ransacked and their property stolen. See, Doc. 7-1, page 101 of 249, PAGEID # 134.

Petitioner relies on *Graham v. Florida,* 130 S.Ct. 2011 (2010). But that case is inapplicable. *Graham* held that a sentence of life imprisonment without parole for a juvenile is cruel and unusual punishment. Hairston is not a juvenile. Further, the controlling opinion in *Graham* recognized the continuing validity of *Rummel.* 130 S.Ct. 2036, 2037 (Roberts, CJ)("'successful challenges' to noncapital sentences will be all the

more 'exceedingly rare,' *Rummel v. Estelle,* 445 U.S. 263, 272 (1980)).

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

s/Algenon L. Marbley
Algenon L. Marbley, Judge
United States District Court
